UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ERIC C. CHATMAN, Plaintiff, v. TOYOTA OF ESCONDIDO, *et al.*, Defendants. | Case No. 17-cv-01853-BAS-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2)**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |
|---|---|

Plaintiff Eric C. Chatman ("Plaintiff"), proceeding pro se and incarcerated at California Institution for Men ("CIM"), in Chino, California, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a), but instead, filed a Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 2.) He has since

1

submitted no fewer than seven letters addressed to the Court and detailing the allegations raised in the Complaint. (ECF Nos. 3-14, 16-17.) Those letters have been accepted for filing in light of Plaintiff's pro se status, and despite Local Rule 83.9, which clearly prohibits such ex parte communications. (*Id.*)

I. **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner[2] at the time of filing, even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule § 14 (June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] For purposes of the IFP statute, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions or parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

2

§ 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has also submitted a copy of his CDCR Inmate Statement Report showing his available balance and trust account activity at CIM. *See* ECF No. 15; 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L. R. 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that while Plaintiff had $100.33 deposited to his account over the six-month period immediately preceding the filing of the Complaint, he had an *available* balance of zero at the time of filing. *See* ECF No. 15 at 2. Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The Court will further direct the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

//
//

## II. SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A. Standard Of Review

If a prisoner's complaint "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court "shall review" the pleading "as soon as practicable after docketing," and "dismiss the complaint, or any portion of the complaint, if [it] . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014). Here, Plaintiff seeks to sue a car manufacturer, one of its dealerships, and a sales manager for allegedly drugging and raping him while he was employed there in 1996 through 1998. *See* ECF No. 1 at 1-5. Plaintiff does not seek redress from or name any governmental actors or entities as defendants. *Id.* at 1-2. Therefore, § 1915A(a)'s screening provisions do not apply. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review . . . for all complaints 'in which a prisoner seeks relief from a governmental entity . . . .'") (quoting § 1915A(a)); *see also Thompson v. Hicks,* No. 06-14110, 2007 WL 106785 at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental entity" as described in § 1915A, prisoner's complaint as to that defendant was not subject to dismissal under § 1915A).

Because Plaintiff is proceeding IFP, however, his Complaint *is* still subject to a *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (stating that, pursuant to 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal— (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

//
//
//

### B. Plaintiff's Allegations

As noted above, Plaintiff seeks millions of dollars in general and punitive damages from Toyota of Escondido, Toyota Motor Sales USA, and Rick Whitting, who is alleged to have been a Toyota sales manager, for allegedly drugging and raping him while he was employed as a salesman at Toyota from 1996 through 1998. *See* ECF No. 1 at 1-7. He asserts no legal basis for his claims, but instead merely provides the lurid details of Defendants' purported offenses in a series of letters addressed to the Court and requests additional forms of relief—including the payment of child support, back taxes, and other forms of debt foreigiveness. *See* ECF Nos. 4, 6, 8, 10, 12.

### C. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

First, none of the named Defendants is alleged to be a "person acting under color of state law." *See West*, 487 U.S. at 48; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (holding that the party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). "A civil rights plaintiff suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law; plaintiffs do not enjoy Fourteenth Amendment protections against "private conduct abridging individual rights.'" *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961)). Section 1983 liability attaches only to individuals "who carry a badge of authority of a State and represent it in some capacity."

*Monroe v. Pape*, 365 U.S. 167 (1961), *overruled in part by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

The Constitution protects individual rights only from government action and not from private action; it is only when the government is responsible for the specific conduct alleged that individual constitutional rights are implicated. *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). Generally, private parties do not act under color of state law. *See Price v. Hawai'i*, 939 F.2d 702, 707-08 (9th Cir. 1991). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 193 F.3d at 835 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)); *see also Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 551 (9th Cir. 1974) (stating a purely private actor may be liable for his misconduct in state court, but his conduct is not actionable under Section 1983, regardless of how egregious).

In order for private conduct to constitute governmental action, "something more" must be alleged. *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 939 (1982) ("Action by a private party pursuant to [§ 1983], without something more, [i]s not sufficient to justify a characterization of that party as a 'state actor.'"). Courts have used four different factors or tests to identify what constitutes "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *See id.*; *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995); *Gorenc v. Salt River Project Agric. Improvement and Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989).

As currently pleaded, the Complaint fails to allege facts sufficient to plausibly show that Toyota of San Diego, Toyota Motor Sales USA, or Rick Whitting performed any public function traditionally reserved to the state, acted as willful participants in joint action with government agents, were compelled or coerced by, or had any connection whatsoever with, the state when they allegedly engaged in a plot to drug and rape him approximately twenty years ago. *See Iqbal*, 556 U.S. at 678; *Lugar*, 457 U.S. at 939.

Second, Plaintiff has not alleged the violation of any "right secured by the Constitution or laws of the United States" whatsoever. *See West*, 487 U.S. at 48 (citing 42 U.S.C. § 1983). He may not rely on § 1983 as an independent, substantive claim. *See Cholla v. Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004). "[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1056 (9th Cir. 2002). Plaintiff's § 1983 suit fails if he does not allege a plausible violation of his federal constitutional or statutory rights. *Cholla*, 382 F.3d at 978; *Iqbal*, 556 U.S. at 676 ("[A] [§1983] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Finally, to the extent Plaintiff seeks to bring state charges based on Defendants' alleged acts of criminal wrongdoing, § 1983 offers him no recourse. *See Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998) (finding that violations of state law alone do not support a claim of liability under § 1983); *Alexandre v. Phibbs*, 116 F.3d 482 (9th Cir. 1997) (holding that § 1983 claims may not be predicated upon the violation of criminal statutes); *see also Buckheit v. Dennis,* 713 F. Supp. 2d 910, 919 (N.D. Cal. 2010) (citing *Doe v. Connecticut Dept. Of Child & Youth Services*, 911 F.2d 868, 869 (2nd Cir. 1990) ("A violation of state law neither gives plaintiffs a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim.")); *Ward v. City of Barstow, et al.*, No. EDCV-15-00444-DSF(KES), 2017 WL 4877389, at *16 (C.D. Cal. June 23, 2017) (stating, in the Magistrate Judge's Report and Recommendation, that alleged violation of the California Penal Code "cannot form the basis of a federal claim under § 1983" as a matter of law).

//
//

Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1130.

### III. CONCLUSION

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2.);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2), noting that ***all payments shall be clearly identified by the name and number assigned to this action***;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DISMISSES** the Complaint (ECF No. 1) for failure to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), and **DENIES** leave to amend as futile (*see Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) (finding that leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment") (internal citations omitted));

5. **CERTIFIES** that an IFP appeal from this Order would be frivolous, and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3)

9

17cv1853

(*see Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous)); and

6. **DIRECTS** the Clerk of Court to close the file.[3]

**IT IS SO ORDERED.**

DATED: November 7, 2017

Hon. Cynthia Bashant
United States District Judge

---

[3] While the Court has previously accepted Plaintiff's letters for filing despite his failure to comply with the Court's Local Rules, he is hereby cautioned that Local Civil Rule 83.9 provides that "attorneys or parties to any action must refrain from writing letters to the judge," and that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, any additional letters he attempts to file will be rejected based on Local Rule 83.9, and because this Order terminates his case.